IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TROY LONOWITZ PARHAM,**

    Petitioner,

v.                                                                      Civil Action No. **3:12CV573**

**HAROLD W. CLARK,**

    Respondent.

## MEMORANDUM OPINION

Troy Lonowitz Parham, a Virginia prisoner with counsel, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Parham challenges his convictions in the Circuit Court of the County of Sussex ("Circuit Court") for four counts of distribution of cocaine. Parham demands relief upon the following grounds:

| | |
|---|---|
| Claim 1 | "Trial Court failed to allow Petitioner to face his accuser, in violation of the Confrontation Clause of the Sixth Amendment to the United States Constitution.[1]" (§ 2254 Pet. 17.)[2] |
| Claim 2 | The Circuit Court committed a structural error and denied Parham "due process," by failing "to give the defense's proffered jury instruction on accommodation in the sentencing phase of the trial." (*Id.* at 20–21.) |
| Claim 3 | Appellate counsel performed deficiently. (*See id.* at 22–26.) |

Respondent moved to dismiss and filed a *Roseboro*[3] notice. Parham has not responded.

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI.

[2] The Court has omitted the emphasis in the quotations to Parham's submissions. The Court employs the page numbers assigned by the Court's CM/ECF docketing system in citing to Parham's submissions.

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). No need existed to file such notice because counsel represents Parham.

For the reasons set forth below, Claims 1 and 2 will be dismissed as procedurally defaulted and Claim 3 will be dismissed as lacking in merit.

## I. PERTINENT PROCEDURAL HISTORY

After a jury found Parham guilty of four counts of distribution of cocaine, the Circuit Court sentenced Parham to twenty years of imprisonment. Parham appealed.

On January 9, 2009, a judge with the Court of Appeals of Virginia denied Parham's petition for appeal. *Parham v. Commonwealth*, No. 1173-09-2, at 1 (Va. Ct. App. Dec. 9, 2009). In that petition for appeal, Parham argued that the Circuit Court "erred in refusing his jury instruction on accommodation during the sentencing phase of the trial." *Id.*

On or about December 28, 2009, the Court of Appeals of Virginia received a letter motion from Parham wherein he requested that his appellate counsel, Henry Thompson, be removed, that new counsel be appointed, and that the court grant Parham an extension of time to file an appeal. Letter at 1–3, *Parham v. Commonwealth*, No. 1173-09-2 (Va. Ct. App. filed Dec. 28, 2009).

On or about January 19, 2010, Parham, by counsel, filed a notice of appeal and petition for appeal with the Supreme Court of Virginia. On February 1, 2010, the Supreme Court of Virginia dismissed Parham's petition for appeal because the petition failed to comply with Virginia Supreme Court Rules 5:14(a)[4] and 5:17(a)(2).[5] *Parham v. Commonwealth*, No. 100106, at 1 (Va. Feb. 1, 2010).

---

[4] That rule provides:

> No appeal from a judgment of the Court of Appeals which is subject to appeal to this Court shall be allowed unless, within 30 days after entry of final

2

On July 28, 2010, the Supreme Court of Virginia granted Parham's motion for a delayed appeal. *Parham v. Commonwealth*, No. 1173–09–2, at 1 (Va. July 28, 2010). Counsel for Parham filed a petition for appeal with the Supreme Court of Virginia wherein he raised the same claim he had raised in the Court of Appeals of Virginia. Petition for Appeal at 2, *Parham v. Commonwealth*, No. 101532 (Va. filed Aug. 9, 2010). On February 10, 2011, the Supreme Court of Virginia refused Parham's petition for appeal. *Parham v. Commonwealth*, No. 101532, at 1 (Va. Feb. 10, 2011).

Thereafter, Parham filed a petition for a writ of habeas corpus with the Supreme Court of Virginia raising the following grounds for relief: "In claim (a), petitioner alleges 'fundamental and constitutional [sic] violations trial court failed to allow the defendant to face his accusor [sic].' In claim (b), petitioner alleges 'structural error.' In claim (c), petitioner alleges 'miscarriage of justice,' and cites the Sixth Amendment of the United States Constitution." *Parham v. Dir., Va. Dep't Corr.*, No. 110604, at 1 (Va. Aug. 11, 2011). On August 11, 2011, the Supreme Court of

---

judgment or order denying a timely petition for rehearing, a notice of appeal is filed with the clerk of the Court of Appeals.

Va. Sup. Ct. R. 5:14(a).

[5] That rule provides, in pertinent part:

**(a) When the Petition Must be filed.** Unless otherwise provided by rule or statute, in every case in which the appellate jurisdiction of this Court is invoked, a petition for appeal must be filed with the clerk of this Court within the following time periods:

. . . .

(2) in the case of an appeal from the Court of Appeals, within 30 days after entry of the judgment appealed from or a denial of a timely petition for rehearing.

Va. Sup. Ct. 5:17(a)(2).

3

Virginia found that Parham had defaulted his claims because he could have, but failed to, raised them on direct appeal. *Id.* at 1–2 (citing *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1975)).

## II. EXHAUSTION AND PROCEDURAL DEFAULT

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation

4

demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[6] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Absent a showing of cause and prejudice or his actual innocence, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Here, the Circuit Court found Parham procedurally defaulted Claims 1 and 2 pursuant to the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because Parham could have, but

---

[6] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

failed to, raise the claims at trial and on direct appeal.[7] *Parham v. Dir., Va. Dep't Corr.*, No. 110604, at 1–2 (Va. Aug. 11, 2011) (citing *Slayton*, 205 S.E.2d 680). *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Thus, Parham has procedurally defaulted Claims 1 and 2 unless he demonstrates cause and prejudice to excuse his default or his actual innocence. Parham asserts that the ineffective assistance of counsel set forth in Claim 3 constitutes the cause to excuse his default. Claim 3 lacks merit for the reasons set forth below. *See infra* Part III. Accordingly, the Court rejects Parham assertion of cause. Claims 1 and 2 will be dismissed.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief

---

[7] On direct appeal, Parham challenged the Circuit Court's refusal to provide an accommodation instruction purely as violation of state law. Petition for Appeal at 8–13, *Parham v. Commonwealth*, No. 101532 (Va. filed Aug. 9, 2010). Such a challenge fails to exhaust his present challenge, which asserts that the lack of such an instruction violated his federal constitutional right to due process. *Baldwin*, 541 U.S. at 29 (quoting *Duncan*, 513 U.S. at 365–66).

on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir.1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). Parham simply fails to demonstrate Claims 1 and 2 are clearly stronger than the issue counsel chose to pursue on appeal.[8] Accordingly, Claim 3 will be DISMISSED because Parham fails to demonstrate deficiency on the part of counsel.

## IV. CONCLUSION

Parham's claims will be DISMISSED. The Motion to Dismiss (ECF No. 3) will be GRANTED. The petition for a writ of habeas corpus will be DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

---

[8] Parham fails to demonstrate the merit of either of these claims. With respect to Claim 1, contrary to Parham's vague suggestion, (§ 2254 Pet. 17), the vast majority of Floyd Spencer Jr.'s testimony did not consist of inadmissible hearsay. (*See* Mar. 16, 2009 Tr. 118–50.) Floyd Spencer Jr. testified that he was in the vehicle with his father during the drug transactions with Parham. (Mar. 16, 2009 Tr. 133–35.) With respect to Claim 2, Parham fails to direct the Court to any persuasive authority for the proposition that he enjoyed, at his sentencing, a federal constitutional right to an instruction on accommodation.

*McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Parham fails to satisfy this standard. A certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 7/29/13
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

8